# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>HARRY B. AZURE,<br><br>　　　　Defendant. | CR-20-58-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on March 5, 2025. (Doc. 197.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on March 4, 2025. (Doc. 196.) The United States accused Harry Azure (Azure) of violating the conditions of

his supervised release by: (1) failing to comply with the conditions of his home confinement on January 21, 2025; (2) failing to answer truthfully questions asked by his probation officer on January 21, 2025, regarding his contact with law enforcement; and (3) failing to provide a urine specimen to tribal probation officer for a urinalysis test as requested by his probation officer on January 21, 2025; by: (4) committing another federal, state, or local crime on January 21, 2025, by being charged with the felony offense of Unlawful Possession of Dangerous Drugs, in violation of Fort Peck Tribal Code, Title VII, § 413-A; (5) committing another federal, state, or local crime on January 21, 2025, by being charged with the felony offense of Protection of Government Officials, Employees and Law Enforcement Officers, in violation of Fort Peck Tribal Code, Title VII, § 422-A; (6) committing another federal, state, or local crime on January 21, 2025, by being charged with the misdemeanor offense of Hindering Law Enforcement, in violation of Fort Peck Tribal Code, Title VII, § 424; (7) committing another federal, state, or local crime on January 21, 2025, by being charged with the misdemeanor offense of Illegal to Sell, Trade or Bargain in Drug Paraphernalia, in violation of Fort Peck Tribal Code, Title VII, § 417; (8) committing another federal, state, or local crime on January 21, 2025, by being charged with the misdemeanor offense of Unlawful Sales, Gifts, Deliveries or Otherwise Furnishing Alcoholic Beverages to or for a Minor, or a Person Who is Actually, or Visibly, Obviously or Apparently

Intoxicated, in violation of Fort Peck Tribal Code, Title VII, § 411; and (9) committing another federal, state, or local crime on January 21, 2025, by being charged with the misdemeanor offense of Resisting Arrest, in violation of Fort Peck Tribal Code, Title VII, § 428(b). (Docs. 185 and 188.)

At the revocation hearing, Azure admitted he had violated the conditions of his supervised release by: (1) failing to comply with the conditions of his home confinement on January 21, 2025; (2) failing to answer truthfully questions asked by his probation officer on January 21, 2025 regarding his contact with law enforcement; and (3) failing to provide a urine specimen to tribal probation officer for a urinalysis test as requested by his probation officer on January 21, 2025. The Government moved to dismiss alleged violations (4), (5), (6), (7), (8) and (9) as set forth above, which Judge Johnston granted. (Doc. 196.)

Judge Johnston found that the violations Azure admitted proves serious and warrants revocation of Azure's supervised release and recommends a term of custody of 6 months with 26 months of supervised release to follow with the first 180 days spent in a residential rel-entry facility at the direction of his probation officer. (Doc. 197.) The Court advised Azure his right to appeal and to allocute before the undersigned. (Doc.196.)

The violation proves serious and warrants revocation of Azure's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 197) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Harry B. Azure be sentenced to a term of custody of 6 months with 26 months of supervised release to follow, with the first 180 days spent in a residential rel-entry facility at the direction of his probation officer.

DATED this 20th day of March 2025.

_____
Brian Morris, Chief District Judge
United States District Court