IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARRY B. AZURE,<br><br>Defendant. | CR 20-58-GF-BMM-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS |

## I.      Synopsis

Defendant Harry B. Azure (Azure) has been accused of violating the conditions of his supervised release. (Docs. 201 and 207). Azure admitted to some of the alleged violations. Azure's supervised release should be revoked. Azure should be sentenced to custody until March 26, 2026, with 24 months of supervised release to follow. During the first 180 days of supervised release, Azure shall be placed in a residential re-entry center at the direction of his probation officer.

## II.    Status

Azure pled guilty on October 15, 2021, to the offense of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. § § 113(a)(6), 1153(a) as charged in Count 1 of the Superseding Indictment. (Doc. 109). Azure was sentenced to 32 months of custody, with 3 years of supervised release to follow. (Doc. 146). Azure's current term of supervised release began on July 23, 2025.

### Petition

On August 29, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Azure's supervised release. (Doc. 201). The Petition alleged Azure violated conditions of his supervised release by: (1) failing to provide his probation officer with his home confinement schedule for the week of August 5, 2025; (2) consuming alcohol on August 18, 2025; (3) failing to schedule an intake with his substance abuse treatment provided by August 22, 2025, as instructed by his probation officer; (4) failing to update his address to comply with violent offender registration requirements during August of 2025; and (5) failing to comply with his home confinement requirements by not answering his door or phone calls or text messages on August 23, 2025.

### Amended Petition

On February 12, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Azure's supervised release. (Doc. 207).

The Amended Petition alleged Azure had additionally violated his supervised release by: (6) committing another federal, state, or local crime by being convicted on January 8, 2026 of the offenses of Partner or Family Member Assault, in violation of Fort Peck "Tribal Code CCOJ Title VII, § 244; Protection of Government officials and Law Enforcement, in violation of Fort Peck Tribal Code CCOJ Title VII § 422-A. and Criminal Mischief; and (7) consuming alcohol on August 29, 2025.

**Initial Appearance**

Azure appeared before the Court on February 24, 2026.   Azure was represented by counsel.  Azure stated that he had read the Amended Petition and that he understood the allegations against him.  Azure waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Azure appeared before the Court on February 24, 2026.  Azure admitted that he had violated the conditions of supervised release as set forth in allegations 1-3 and 5-7 in the Amended Petition  The Government moved to dismiss allegation 4, which the Court granted. Azure's admitted violations, 1-3 and 5-7, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Azure appeared before the Court on February 24, 2026. Azure's violations are Grade C.  His criminal history category is II.  Azure's underlying offense is a Class C felony.  Azure could be incarcerated for up to 24 months.  Azure could be ordered to remain on supervised release for 26 months less any custody time.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Azure's supervised release should be revoked.  Azure should be sentenced to custody until March 26, 2026, with 24 months of supervised release to follow. During the first 180 days of supervised release, Azure shall be placed in a residential re-entry center at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Azure that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Azure of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Azure that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Azure waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That HARRY B. AZURE has violated the conditions of his supervised release by: (1) failing to provide his probation officer with his home confinement schedule for the week of August 5, 2025; (2) consuming alcohol on August 18, 2025; (3) failing to schedule an intake with his substance abuse treatment provided by August 22, 2025 as instructed by his probation officer; (5) failing to comply with his home confinement requirements by not answering his door or phone calls or text messages on August 23, 2025; (6) committing another federal, state, or local crime by being convicted on January 8, 2026 of the offenses of Partner or Family Member Assault, in violation of Fort Peck "Tribal Code CCOJ Title VII, § 244; Protection of Government officials and Law Enforcement, in violation of Fort Peck Tribal Code CCOJ Title VII § 422-A, and Criminal Mischief; and (7) consuming alcohol on August 29, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Azure's supervised release and sentence Azure to custody until March 26, 2026, with 24 months of supervised release to follow. During the first 180 days of supervised release, Azure shall be placed in a residential re-entry center at the direction of his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of February 2026.


John Johnston
United States Magistrate Judge